IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                                                         RESPONDENT

V.                                         CASE NO. 4:13-CR-40014

MARVIN WOODBERRY                                                                                       MOVANT

## ORDER

Before the Court is Movant Woodberry's Motion for *Nunc Pro Tunc* Order to Run Concurrent. ECF No. 29. The Government has responded. ECF No. 31. The Court finds this matter ripe for consideration.

In the present motion, Movant requests that the Court remove all detainers issued by the State of Arkansas. Movant states that he is unable to take part in certain rehabilitative and educational programs offered by the Bureau of Prisons while the detainers are in effect. The Government takes the position that the Court does not have the authority to grant Movant's request.

The Interstate Agreement on Detainers ("IAD") provides a process by which an inmate can demand a speedy disposition of pending charges giving rise to a detainer so as to determine the "proper status of any and all detainers based on untried indictments, informations, or complaints." 18 U.S.C. app. 2, § 2, Art. I. The IAD provides, in relevant part:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information, or complaint[.]

18 U.S.C. app. 2, § 2, Art. III. The Federal Government and the State of Arkansas are parties to the IAD. 18 U.S.C. app. 2. § 2; ARK. CODE ANN. §§ 16-95-101 through 16-95-107. Furthermore, a prisoner must first exhaust state remedies before challenging a state detainer in federal court. *See Parette v. Lockhart*, 927 F.2d 366 (8th Cir. 1991).

In this case, Movant has failed to allege or show that he has attempted to resolve the present situation as provided for in the IAD. Furthermore, Movant does not argue, and the Record does not show, that he has exhausted the available state remedies. Thus, the Court is not in a position to grant Movant the relief he requests. Accordingly, the Court finds that Movant Woodberry's Motion for *Nunc Pro Tunc* Order to Run Concurrent (ECF No. 29) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 21st day of March, 2017.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge